UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 22 C 3688 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| LARRY COLLINS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Larry Collins pleaded guilty to conspiracy to distribute one or more kilograms of heroin under 21 U.S.C. §§ 841(a)(1), 846, and possession of a firearm in furtherance of a drug-trafficking offense under 18 U.S.C. § 924(c). *United States v. Collins* (*Collins I*), 15 CR 379-3 (N.D. Ill.), ECF No. 575. Collins appealed his conviction, raising issues not relevant here, and the Seventh Circuit affirmed. *United States v. Collins*, 986 F.3d 1029 (7th Cir. 2021). Collins now moves for relief under 28 U.S.C. § 2255. Doc. 1.

The Government contends that Collins's § 2255 motion is untimely. Doc. 12 at 3. A § 2255 motion generally must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A judgment is "final" for § 2255 purposes when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). The Seventh Circuit affirmed Collins's conviction on February 3, 2021, and he did not seek certiorari. In the Government's view, Collins had ninety days to seek certiorari, *see* 28 U.S.C. § 2101(c), giving him until May 4, 2022, to file his § 2255 motion. Yet Collins did not file his motion until July 2022.

1

The Government's calculation does not account for a 60-day extension to seek certiorari that the Supreme Court ordered in March 2020, Miscellaneous Order, 589 U.S. __ (Mar. 19, 2020), and which remained in effect through July 19, 2021, Miscellaneous Order, 594 U.S. __ (July 19, 2021). Adding those 60 days to May 4, 2021, Collins had until July 3, 2021, to seek certiorari, and thus until July 3, 2022, to file his § 2255 motion. *See United States v. Olguin*, 2022 WL 1117692, at *1 (5th Cir. Apr. 14, 2022) (explaining that the 60-day extension added to the time to file a § 2255 motion); *United States v. Williams*, 2022 WL 2208855, at *1-2 (N.D. Ill. June 21, 2022) (same). Although the motion did not reach the court until July 11, 2022, Doc. 1, Collins's certificate of service avers that he placed the motion in the prison mailbox on July 1, 2022, *id.* at 6. The Government does not challenge that averment, Doc. 12 at 3, and its timeliness argument accordingly fails. *See Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015) ("[A] pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies.").

Collins's § 2255 claim arises from the Government's failure to timely seal wiretap recordings as required by 18 U.S.C. § 2518(8)(a). According to the Government, it attempted on January 14, 2015, to seal recordings it had intercepted over wiretaps on "Target Phone 5" and "Target Phone 6." *United States v. Levaughn Collins* (*Collins II*), 15 CR 379-1 (N.D. Ill.), ECF No. 614, at 2. Instead of sealing copies of both recordings, however, the Government inadvertently made two sealed copies of Target Phone 6 and no sealed copy of Target Phone 5. *Ibid*. The Government did not detect its error until October 2, 2018, and it sealed the Target Phone 5 recording the next day. *Id.* at 5.

Collins contends that his counsel was ineffective for failing to investigate and discover the unsealed recordings and for failing to move to suppress the Target Phone 5 recordings.

Doc. 1 at 3-4. He pleaded guilty just a week before the Government detected and revealed its error, *id*. at 3, and he claims that he would not have done so but for his counsel's alleged shortcomings, *id*. at 4; Doc. 3 at 1-2. To establish ineffective assistance of counsel, Collins must show that: (1) his counsel's performance was deficient; and (2) he was prejudiced as a result of that deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Carter v. Douma*, 796 F.3d 726, 735 (7th Cir. 2015).

A co-defendant (and Collins's brother), Levaughn Collins, moved to suppress the same wiretapped recordings on the theory that Target Phone 5 was not timely sealed under § 2518(8)(a). *Collins II*, 15 CR 379-1, ECF No. 599. In response to the motion, the Government explained that because the Target Phone 5 recordings "[were] not central to the government's case against Levaughn Collins[] or other defendants," it "[did] not intend to offer as evidence the … recordings." *Id*., ECF No. 614 at 6. Because the Government agreed not to use the Target Phone 5 recordings, the court denied as moot Levaughn's motion as to that wiretap. *Id*., ECF No. 625. (The court also considered and denied on the merits the motion as to other recordings that were obtained downstream of the evidence gathered from the Target Phone 5 recordings. *Ibid*. Collins does not raise any argument as to those recordings.)

The Government contends that the denial of Levaughn's motion means that an equivalent motion from Collins would have been denied as well. Doc. 12 at 9. That logic does not hold up. The court denied Levaughn's motion as moot as to the Target Phone 5 recordings because the Government agreed not to use them. Collins had already pleaded guilty, however, so the Government's agreement not to use them against Levaughn says nothing about how it would have reacted to a counterfactual motion from Collins, who, unlike Levaughn, was captured on the Target Phone 5 wiretap. *Id*. at 10.

3

The Government also suggests that a motion to suppress by Collins would have been denied on the merits. *Id*. at 8. "When the claim of ineffective assistance is based on counsel's failure to present a motion to suppress, [the Seventh Circuit has] required that a defendant prove the motion was meritorious." *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005); *see also United States v. Stewart*, 388 F.3d 1079, 1085 (7th Cir. 2004) ("[C]ounsel cannot have been ineffective for failing to pursue what we have concluded would have been a meritless suppression motion."); *United States v. Jackson*, 103 F.3d 561, 574-75 (7th Cir. 1996) (explaining that a defendant is not prejudiced by his counsel's failure to make a losing argument).

Under § 2518(8)(a), an untimely sealed recording need not be suppressed if there is a "satisfactory explanation" for the Government's failure to timely seal the recording. 18 U.S.C. § 2518(8)(a). "[A]n explanation is satisfactory if, in the circumstances, it dispels any reasonable suspicion of tampering." *United States v. Coney*, 407 F.3d 871, 875 (7th Cir. 2005). To satisfy this standard, the explanation "must be both accurate and believable." *United States v. Martin*, 618 F.3d 705, 716 (7th Cir. 2010). Relevant to evaluating the explanation are "[t]he length of the delay," "the nature of the crime, including its notoriety or the notoriety of the defendant, and thus the pressure on the government to obtain a conviction," "the importance of the tapes to the government's case," *Coney*, 407 F.3d at 875, and "whether the Government has established a procedure for complying with its sealing obligations," *Martin*, 618 F.3d at 716.

Collins does not show the Government's explanation for its failure to timely seal the Target Phone 5 recordings to be unsatisfactory. The Government's explanation that it inadvertently sealed Target Phone 6 twice, when it intended to seal both Target Phone 5 and Target Phone 6, is believable. Nothing about the nature of Collin's case, which involved

4

ordinary drug and weapons charges, suggests that the Government was uniquely pressured to obtain a conviction. Other evidence referenced in Collins's plea agreement—including the seizure of heroin he had packaged and other intercepted calls involving him—suggest that the Target Phone 5 recordings were not essential to the case against him. *Collins I*, 15 CR 379-3, ECF No. 575 at 6. Nor is there any suggestion that the Government did not have standard procedures for complying with its sealing obligations; there is no indication, for example, that other wiretaps were mishandled in the same manner. *See Martin*, 618 F.3d at 717-18 (explaining that the existence of well-established sealing protocols contributed to the believability of the Government's explanation of operator error). (Earlier in the case, the Government had partially failed to seal two other wiretaps, but those failures apparently resulted from a different type of operator error. *Collins II*, 15 CR 379-1, ECF No. 349 at 4; *id.*, ECF No. 349-2 at 2.)

  The only factor favoring Collins is the lengthy delay—about three and a half years—in the failure to seal the Target Phone 5 recordings. Nevertheless, the Government's explanation remains believable and dispels any suspicion of tampering. In *Martin*, a "significant" thirty-eight day delay was excused because the Government rectified its failure to seal as soon as it discovered the error and because the nature of the case did not evince any "unique incentive" for it to ignore its sealing obligations. 618 F.3d at 718. The delay here is much longer, but the principle is the same; the delay itself casts no suspicion on the Government's failure to seal given the nature of the case, the other evidence against Collins, and the immediate sealing of the recordings after the discovery of the error. *See id.* at 717 ("The fact that a few of those tapes were defective was unknown until the Government's investigation nearly was completed, and the sealing error certainly did not interfere with the statutory objectives of ensuring judicial oversight and non-tampering with wiretap recordings."). Rather, all signs are that the

5

Government sincerely believed that Target Phone 5 had been properly sealed until it realized its mistake in October 2018.

For these reasons, a motion to suppress Target Phone 5 would have failed. Collins therefore was not prejudiced by his counsel's failure to pursue such a motion. *See Cieslowski*, 410 F.3d at 360; *Stewart*, 388 F.3d at 1085; *Jackson*, 103 F.3d at 574-75.

Collins's § 2255 motion is denied. Because the files and records of the case conclusively show that Collins is entitled to no relief, his request for an evidentiary hearing, Doc. 1 at 4-5, is denied as well. *See* 28 U.S.C. § 2255(b). A certificate of appealability shall not issue because he has not made a substantial showing of the denial of a constitutional right. *See id*. § 2253(c)(2).

November 21, 2022

_____
United States District Judge